NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 08-4552

———

KYRRON PARKS, a minor, by and through his parents and guardians; DARNELL
BROWN; HELENBROWN, and in their own right

v.

INGERSOLL-RAND COMPANY d/b/a Steelcraft; AADG, INC, d/b/a CECO DOOR
PRODUCTS;  and PIONEER INDUSTRIES INC.; AMWELD BUILDING PRODUCTS
LLC; ARK II MANUFACTURING, LLC


Kyrron Parks, a minor by and through his parents and guardians,
                                                                    Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-06-cv-03819)
District Judge: Hon. John P. Fullam

———

Submitted Under Third Circuit LAR 34.1(a)
February 11, 2010

Before: SLOVITER, ROTH, and TASHIMA[*], Circuit Judges

(Filed: May 20, 2010)

OPINION OF THE COURT

_____

[*]

 Hon. A. Wallace Tashima, Senior Judge, United States Court of Appeals for the
Ninth Circuit, sitting by designation.

TASHIMA, Circuit Judge.

Appellant Kyrron Parks ("Parks") appeals the District Court's order dismissing his action against Ingersoll-Rand Company and Pioneer Industry ("Non-Responsive Defendants") for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). We have jurisdiction over this appeal from the final judgment under 28 U.S.C. § 1291, and we will affirm.

## I. Factual and Procedural Background

Parks alleged that he sustained nerve damage to his hand from an accident involving a door at a Howard Johnson Hotel in Connecticut on August 23, 2003. Parks retained counsel who, instead of bringing an action against the hotel, pursued a product-liability claim against other parties on the theory that the door was defectively designed and not accompanied by adequate warnings. Parks' counsel waited three years to file suit. After the case had been pending for two years, the District Court dismissed the action.

The hotel where the accident occurred has since been demolished, and the door discarded. Unable to identify the manufacturer of the now-missing, allegedly defective door, Parks' counsel brought suit against five manufacturers, each of whom he believed may possibly have manufactured the door. He identified the defendants after personally conducting an investigation into the accident. This investigation included conversations with an insurance carrier, door distributors near the hotel, hotel representatives, and a visit to a government records office. The only clue to the identity of the door's manufacturer

2

that the investigation uncovered was a black and white photograph of the door, with no identifying marks visible.

After attempted service of the summons and complaint, only two of the five defendants ("Responsive Defendants") filed answers. A third defendant no longer exists and has been dismissed from the action. The two remaining defendants ("Non-Responsive Defendants") never responded to the suit. Parks' counsel never confirmed service of summons on them or sought to enter a default against Non-Responsive Defendants.

After Parks' counsel failed to respond to a request for admissions from Amweld Building Products, LLC, one of the Responsive Defendants, Amweld moved to compel Plaintiff's response in December 2007. In January 2008, the District Court granted the motion and ordered Parks to respond within twenty days or risk sanctions. Parks failed to comply with the order.

In June 2008, Responsive Defendants filed motions for summary judgment. It was not until July 2008, when Parks filed his response to the motions for summary judgment, that Parks finally filed his responses to Amweld's request for admissions. Because the responses were not timely filed, Parks was deemed to have admitted each of the requested admissions, including that the hotel was renovated, the door was missing, and that Parks had no documentation identifying the door's manufacturer.[1] The day before the hearing

---

[1] Although untimely and therefore invalid, the responses that Parks eventually filed were to the same effect.

3

on Responsive Defendants' motions for summary judgment, Parks moved to extend discovery for an additional two months.

The District Court began the summary judgment hearing by remarking on Parks' counsel's history of non-responsiveness, noting that "one of the reasons we're scheduling this argument was to see if anybody would show up to oppose this summary judgment motion." The District Court inquired why Parks' counsel had not sought default judgments against Non-Responsive Defendants during the more than two years that the case had been pending. Parks's counsel replied only, "that's in the works right now." Observing that the case was scheduled for trial the next month, and that Parks' counsel had requested it be delayed to extend discovery for two months, the District Court asked Parks' counsel what he needed more time for. Parks' counsel responded that he still needed to identify the door's manufacturer. The District Court was skeptical that additional time would allow Parks' counsel to identify the door's manufacturer, given that he had no leads after having had more than five years to conduct an investigation. The District Court expressed concern that Parks had no evidence implicating any of the named defendants, yet was attempting to hold them all accountable under a legally erroneous theory of shared liability. Parks' counsel merely "requested the court's indulgence" for his situation as a solo practitioner.

The District Court granted Responsive Defendants' motions for summary judgment. Two days later, it denied Parks' motion for an extension of time for discovery.

4

On October 15, 2008, the District Court dismissed the case as to Non-Responsive Defendants for failure to prosecute. On November 14, Parks filed a motion for reconsideration, which the District Court denied as untimely under Rule of 7.1(g) of the Local Rules of United States District Court of the Eastern District of Pennsylvania (the "Local Rules").

Parks appeals the District Court's *sua sponte* dismissal of his case. Parks argues that the District Court committed reversible legal error by failing to provide him thirty days' notice of the order pursuant to Local Rule 41.1 and that the District Court abused its discretion in dismissing the case.[2]

## II. Analysis

### A. The *Poulis* Factors

A District Court may dismiss a case for failure to prosecute under Rule 41(b) where the following factors weigh in favor of dismissal:

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

---

[2] We review a District Court's decision to dismiss a case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) for an abuse of discretion. *See Briscoe v. Klaus*, 538 F.3d 252, 257-58 (3d Cir. 2008). A District Court abuses it discretion where there is not sufficient evidence in the record to support its conclusion under the relevant legal standard. *See id*.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). In balancing these factors, there is no "magical formula," nor must they all be satisfied. *Briscoe*, 538 F.3d at 263 (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)).

### 1. The Party's Personal Responsibility

Here, there is no evidence that Parks bears personal responsibility for the action or inaction which led to the dismissal. *See Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 873 (3d Cir. 1994); *Poulis*, 747 F.2d at 868. Therefore, this factor weighs against dismissal.

### 2. Prejudice to the Adversary

Parks' failure to prosecute the case prejudiced Non-Responsive Defendants. An adversary may be prejudiced where the failure to prosecute results in the irretrievable loss of evidence, the dimming of witnesses' memories, or deprivation of information through non-cooperation with discovery. *See Adams*, 29 F.3d 863 at 873 (citing *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). In over five years, Parks' counsel has failed to identify the door's manufacturer. He did not bring suit against the hotel, nor did he seek discovery against the hotel as to the identity of the door's manufacturer. In the meantime, the hotel was torn down and the door discarded. Consequently, evidence that could have been used to defend against Parks' product-liability claim, such as the door itself, hotel records, and the memories of witnesses who once worked at the hotel, has been irretrievably lost. Therefore, this factor weighs in favor of Non-Responsive

Defendants.

### 3. History of Dilatoriness

In this case there is a substantial history of dilatoriness, meaning, "[e]xtensive or repeated delay or delinquency." *Id.* at 874. Parks' counsel did not file a complaint until three years after he took the case. Nor did he attempt to serve Defendants until a year later. He never confirmed that Non-Responsive Defendants had been properly served or sought a default judgment against them. After having had more than five years to investigate, he was unable to produce a single piece of evidence linking any Defendant to the allegedly faulty door.

Parks' counsel also violated the District Court's order compelling his responses to Amweld's request for admissions. Moreover, a month before the trial was scheduled, he requested two more months for discovery. He even filed his motion for reconsideration over two weeks late, "which was as good as no motion at all." *Id.* at 872. The record demonstrates a clear history of dilatoriness.

### 4. Whether the Conduct Was Willful or in Bad Faith

The record supports a finding that Parks' counsel's history of dilatoriness was a result of "willful or contumacious behavior[,] . . . characterized as 'flagrant bad faith.'" *Id.* at 875. "Willfulness involves intentional or self-serving behavior." *Id.* At the summary judgment hearing, Parks' counsel did not offer any valid excuse for the significant history of dilatoriness discussed above. His request for additional time was

7

entirely self-serving – he could offer no explanation how the additional time would be used productively. His excuse of being a solo practitioner is as good as no excuse at all. Parks willfully failed to prosecute the case.

### 5. The Effectiveness of Alternative Sanctions

In this case, the only appropriate sanction was dismissal. "The authority of a court to dismiss for lack of prosecution" is governed by the need for "courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 631 (1962). There was no reason for the District Court to believe that keeping the case open while applying alternative sanctions would have enabled Parks' counsel to cure the case's many defects or reform his pattern of foot-dragging delay. Parks' counsel had already failed to respond to a court order threatening sanctions. In this case, there existed no effective alternatives to dismissal that would have allowed the District Court to manage this case and its docket.

### 6. The Meritoriousness of the Claim or Defense

Not only was Parks unable to identify the door's manufacturer, it was unlikely that he would be able to in the future. A claim could not be sustained against Non-Responsive Defendants on the flimsy record developed by Parks' counsel. As such, this factor weighs against Parks as well.

With five factors weighing against Parks and only one in his favor, we easily conclude that the District Court did not abuse its discretion in dismissing the case for lack

of prosecution.

### B. Lack of Notice

Parks also argues that the District Court could not dismiss the case sua sponte without first providing him notice under Local Rule 41.1, which provides:

> Whenever in any civil action the Clerk shall ascertain that no proceeding has been docketed therein for a period of more than one year . . . the Clerk shall send notice to counsel of record . . . that the action shall be dismissed, unless the court upon written application filed within thirty days from the date of such notice and upon good cause shown, shall otherwise order.

By its own terms, Local Rule 41.1 does not apply to this case. Here, this case was not dismissed at the behest of the Clerk due to a lapse in activity. Local Rule 41.1 does not purport to, nor does it, constrain a district judge's inherent power to manage his docket.

Additionally, the Supreme Court has held that Fed. R. Civ. P. 41(b) allows for *sua sponte* dismissals and that an "absence of notice as to the possibility of dismissal" does not "necessarily render a dismissal void." *Link*, 370 U.S. at 632. The Court explained that, although "the fundamental requirement of due process is an opportunity to be heard," it does not follow that "every order entered without notice and a preliminary adversary hearing offends due process." *Id*. "The adequacy of notice . . . turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." *Id*.

Parks should have known that the case risked dismissal. At the summary judgment hearing, the District Court put Parks' counsel on notice that his handling of the case was

9

inadequate. Further, with discovery closed, the District Court noted that the record was "singularly devoid of any evidence which would support a finding that the door itself was defective." It then denied Parks' motion for enlargement of time for discovery, as there was not a "realistic likelihood that additional information could be developed at this late juncture." This was sufficient to put Parks' counsel on notice that the case was ripe for dismissal. Moreover, Parks' failure to seek relief from the judgment under Fed. R. Civ. P. 60(b) "renders the lack of prior notice of less consequence." *Link* at 632; *see also Adams* 29 F.3d at 872.

### III. Conclusion

For the above-stated reasons, we will affirm the judgment of the District Court.